IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYDNEY KARBLE<br>    Plaintiff,<br><br>v.<br><br>CHAD F. WOLF, Acting Secretary of the Dept. of Homeland Security;<br>KENNETH CUCCINELLI, Senior Official Performing the Duties of Director of the U.S. Citizenship and Immigration Services;<br>TERRI ROBINSON, Acting Deputy Director for National Benefits Center<br>USCIS, an agency of the United States of America.<br>    Defendants. | COMPLAINT FOR A<br>WRIT IN MANDAMUS/APA<br><br>Case No.<br><br>Judge: |

## COMPLAINT

Comes now the Plaintiff, Sydney Karble, by and through his attorney, Ashly R. McGarity, Esq., and pleads as follows:

### I. INTRODUCTION

1. This is an action brought against the defendants to compel action on two (2) I-130 Petitions for Alien Relative based on a valid parent/child and valid step-parent/child relationship, both categorized as immediate relatives.

2. Defendants (collectively) claim the aforementioned cases were transferred from the Potomac Service Center to the National Benefits Center "in order to speed up

1

processing" and yet a delay of almost eighteen (18) months have passed since initial filing with no action.

3. This complaint seeks to compel defendants to take action on the petitions and/or hold defendants' delay unlawful and unreasonable.

## II. JURISDICTION & VENUE

4. This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1331 (federal subject matter jurisdiction) and 28 U.S.C. § 1361 ("original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff") of the United States Code.

5. This Court has jurisdiction over the present action pursuant to the Administrative Procedures Act (APA), 5 U.S.C. § 706(1), which permits a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed" and under 5 U.S.C. § 706(2)(A), which permits a reviewing court to find unlawful an agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

6. Venue is proper in the present action pursuant to 28 U.S.C. §1391(e), in that this is a civil action against officers in their official capacities and agencies of the United States, brought in the District where the plaintiff resides, where plaintiff's immediate relative beneficiaries will reside upon completion of the immigration process, and where a substantial part of the events or omissions giving rise to the plaintiff's claim occurred.

## III. PARTIES

7. Plaintiff, Sydney Karble is a naturalized United States citizen who currently resides in Bristol, Pennsylvania. Plaintiff is the father of Beneficiary O.K. and the step-father of Beneficiary R.W., by virtue of his *bona fide* marriage to R.W.'s mother.

8. Chad F. Wolf is the acting Secretary of the Department of Homeland Security and charged with supervisory authority over operations within the Department of Homeland Security, including the United States Citizenship and Immigration Services ("USCIS"). This action is brought against her in her official capacity.

9. Kenneth Cuccinelli is the Senior Official Performing the Duties of Director of USCIS and charged with overseeing the agency responsible for timely adjudication of immigration-related petitions. This action is brought against him in his official capacity.

10. Terri Robinson is the acting Director for National Benefits Center. This action is brought against her in her official capacity.

11. USCIS is the agency responsible for the adjudication of applications for immediate relative petitions, including subsequent inquiries of said petitions. 8 C.F.R. 100.3; 8 C.F.R. § 103.2.

12. Defendants will be referred to collectively as "defendants" unless otherwise specifically stated.

## IV.  EXHAUSTION OF REMEDIES

13. Plaintiff has exhausted all administrative remedies. He has submitted inquiries which provide no information on the status of the petitions. He has reached out to his U.S. Representative and USCIS responded without further answers or clarification. There are no additional administrative remedies remaining for plaintiff to exhaust because the cases are still pending and there is no appeal available.

## V. FACTS OF THE CASE

14. Plaintiff filed an I-130 Petition for Alien Relative for his daughter, O.K., (Receipt No. YSC1890332084) and an I-130 Petition for Alien Relative for his step-daughter, R.O. (Receipt No. YSC1890332083) on September 13, 2018.

15. The petitions were originally received and processed at the Potomac Service Center. **EXHIBIT A**.

16. Both O.K. and R.O. are considered immediate relatives under immigration law, and per USCIS's own public website, an immediate relative petition processed at one of its Service Centers, including Potomac, does not require an interview for approval, especially since both children will consular process from abroad. **EXHIBIT B**.

17. Because there is no need for an in-person interview for these family-based, consular petitions, USCIS publishes processing times for its Service Centers. USCIS does not, however, publish processing times for petitions processed at the National Benefits Center because most of these petitions will required an in-person interview at a local USCIS field office. Processing times are a useful tool to track cases.

18. As of May 2020, processing times for immediate relative petitions at the Potomac Service Center is 7 months to 9 months. **EXHIBIT C**.

19. On February 7, 2019, both counsel and plaintiff received transfer notices that the petitions were being forwarded to the National Benefits Center "in order to speed up processing." **EXHIBIT D**.

20. On January 20, 2020, counsel for plaintiff requested a case status inquiry with USCIS and on January 29, 2020, counsel received an answer indicating nothing more than

"We are reviewing your case. We will mail you a notice when we make a decision." **EXHIBIT E.**

21.    On May 29, 2020, after counsel for Plaintiff requested a U.S. Congressional liaison assistance inquiry, counsel received an email from USCIS indicating the cases were actually at the Philadelphia Field Office, under review, and no further determination could be made at this time. **EXHIBIT F.**

22.    Plaintiff never received notice that the cases were transferred to the Philadelphia Field Office and thus cannot confirm the accuracy of this assertion.

23.    Plaintiff has not received any further notice on the status of the petitions. Furthermore, because of USCIS's own transfer, the purpose of which was supposed to speed up processing, Plaintiff has no way to track the current processing times, and is unsure exactly where the petition are located, and is left with no further way to hold USCIS accountable for such long-delayed processing with his family's petitions.

## VI.   COUNT ONE
### *MANDAMUS ACT*

24.    Paragraph 1 through 23 are repeated and incorporated herein.

25.    One of the main purposes of a mandamus action is to seek judicial authority to "compel an officer or employee of the United States to any agency thereof to perform a duty owed to the plaintiff." 8 U.S.C. § 1361.

26.    Generally, a "plaintiff petitioner seeking the issuance of a writ of mandamus must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980).

27. Under the Immigration and Nationalities Act (INA) 204(b), "after an investigation of the facts in each case… the Attorney General shall, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative … approve the petition…"

28. Immigration visa petition proceedings only allow the Attorney General to approve an I-130 Petition for Alien Relative – immediate relative – based on eligibility, not on admissibility. *Matter of O.*, 8 I. & N. Dec. 295, 296-97 (BIA 1959).

29. USCIS may also issue a Request for Evidence if the evidence provided initally, such as secondary evidence rather than primary evidence, in inadequate to establish eligibility for a benefit. 8 C.F.R. § 103.2(b)(8).

30. Plaintiff's child and step-child meet the definition as an "immediate relative" child under INA 8 U.S.C. § 1151(b)(2)(A)(i) because:

   a. O.K. was nineteen (19) years old at the time of filing and the child, under twenty-one (21), of a U.S. citizen; and

   b. R.W. was sixteen (16) years old at the time of filing and the legal step-child of a U.S. citizen by virtue of her mother's marriage to plaintiff.

31. Although USCIS does not publish I-130 Petition for Alien Relative processing times for the National Benefits Center or the local field offices, it does publish processing times for other Service Centers, including Potomac Service Center, where these cases originated. USCIS indicated it transferred plaintiff's cases for the sole reason of speeding up processing [*See Exhibit D*], yet Plaintiff's cases have been pending well beyond the 7 month to 9 month processing time currently published at Potomac. In addition, if the cases are located at the local field office, it is inconceivable, unreasonable and unnecessary

to not notify Plaintiff and/or request additional evidence. It is further inconceivable, unreasonable and unnecessary to hold on to them indefinitely without a decision, especially since the beneficiaries are children under immigration law.

32. Due to the above actions, plaintiff has continued to be without his children for an extended amount of time, and judicial intervention is warranted.

## VII.  COUNT TWO
### *ADMINISTRATIVE PROCEDURES ACT*

33. Paragraphs 1 through 32 are repeated and incorporated herein.

34. The defendants, in violation of the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(1), are unreasonably delaying action on plaintiff's immediate relative petitions. The petitions have been pending for over one and a half years, well outside the published processing times for similar petitions at other Service Centers. The defendants have not notified Plaintiff if or when the cases were transferred to Philadelphia and have not provided a reason for not doing so. [*See Exhibits C and F*].

35. The defendants' actions, in violation of the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2), are arbitrary and capricious, an abuse of their discretion(s), and without observance of procedure required by law. There was no justifiable reason to transfer the petitions from a Service Center that does not handle or usually request in-person interviews to a center that requires them, to then (allegedly) to a local field office to sit indefinitely. The reason given for the first transfer was to "speed up processing," [*See Exhibit D*], yet the transfer did not speed up processing, but rather delayed processing. USCIS' only response to the one and a half year delay is that is it reviewing the cases. Plaintiff has no ability to hold USCIS accountable because USCIS transferred the petitions from a Service Center with published processing times to a center without published processing times.

36. To further confuse and complicate the matter, USCIS now informs counsel that the petitions are currently and allegedly located in Philadelphia Field Office, held up indefinitely without notice or the benefit of an interview, request for evidence or decision. The aforementioned actions are arbitrary, capricious, abusive and lacking in procedure [immediate relative petitions do not require an interview, per the USCIS's own policy in *Exhibit B*], and thus, unlawful.

## VII – PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sydney Karble respectfully requests that this Honorable Court:

(1) Assume jurisdiction of this case;

(2) Compel the defendants and those acting under them to perform their duty and make a decision or issue a request for evidence on the petitions within thirty (30) days.

(3) Award the plaintiff's attorney's fees and costs of court pursuant to the Equal Access to Justice Act (EAJA) or other applicable law.

(4) Grant such other and further relief as this Court deems proper under the circumstance.

Respectfully submitted,

6/2/20
Date

Ashly R. McGarity Esq.
Counsel for Plaintiff
*Law Offices of Ashly R. McGarity*
8515 West Chester Pike
Upper Darby, PA 19082
Ph. 484-430-4810
Fax: 484-443-3011
Email: amcgaritylaw@gmail.com

8

LIST OF EXHIBITS:

EXHIBIT A: Receipts from Potomac Service Center
EXHIBIT B: Service Center Operations Directorate
EXHIBIT C: Processing Times for Potomac Service Center
EXHIBIT D: USCIS Transfer Notices
EXHIBIT E: Inquiry Response from USCIS
EXHIBIT F: USCIS Email (Congressional Liaison Assistance)